COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
  
  
 IN RE:  READYONE INDUSTRIES, INC.,
  
                             
  
 
 
 §
  
 §
  
 §
  
 §
  
 § 
  
 §
  
 
 
  
  
  
  
 No. 08-12-00121-CV
  
 AN ORIGINAL
 PROCEEDING 
  
 IN MANDAMUS 
  
 
 


O
P I N I O N

In this original proceeding, ReadyOne Industries, Inc. seeks mandamus relief from the trial court’s order permitting discovery on
the arbitrability of an agreement between ReadyOne and its employee, Margaret
Simental (“Simental”), governing work-related injuries.  ReadyOne contends that
the trial court erred in
deciding that the Franken Amendment[1] might apply
to Simental’s negligence cause of action and that Simental established the facts
necessary to raise a reasonable expectation that the arbitration agreement was
unenforceable.  Concluding that the
Franken Amendment is inapplicable in a personal injury suit and that Simental failed
to provide a colorable or reasonable basis for believing that discovery would materially
aid her in establishing her defenses to the validity of an arbitration
agreement, we conditionally
grant mandamus relief.

FACTUAL
AND PROCEDURAL BACKGROUND

            Alleging that she sustained an on-the-job
injury, Simental sued ReadyOne for negligence. 
After filing an answer, ReadyOne moved to compel arbitration pursuant to
an agreement requiring that claims of on-the-job injuries be submitted to
binding arbitration.  In response, Simental
moved for limited discovery on the issue of arbitrability to “develop [her]
case and defend against [ReadyOne’s] contentions that a valid arbitration
agreement exists[,] . . . [and] . . . to develop or inquire into any factual
issues that may preclude or discredit the existence of a valid arbitration
agreement.”

            At the hearing on these
matters, Simental argued that discovery was required as to the validity of the
arbitration agreement because her affidavit, attached to the response to
ReadyOne’s motion to compel arbitration, raised concerns about fraudulent
inducement and meeting of the minds. 
Simental also argued that her claims against ReadyOne are not arbitrable
because the Franken Amendment prevents federal contractors from enforcing
agreements to arbitrate tort claims related to or arising out of negligent
hiring, supervision, or retention.  ReadyOne
countered that the Franken Amendment is not applicable to torts related to or
arising out of negligent hiring, supervision, or retention in a personal injury
suit because the Amendment applies only to title VII claims or torts related to
or arising out of sexual assault or harassment.

            After considering the
parties’ arguments, the trial court ordered limited discovery on the applicability
of the Franken Amendment, fraudulent inducement, and meeting of the minds.  With respect to the applicability of the
Franken Amendment, Simental was permitted to discover if ReadyOne has federal
contracts in excess of $1 million and if ReadyOne manufactures items
commercially available off-the-shelf.

MANDAMUS

            To
obtain mandamus relief from the trial court’s discovery order, ReadyOne must meet
two requirements.  ReadyOne must show
that the trial court clearly abused its discretion and that it has no adequate
remedy by appeal.  In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex.
2004).

            A
trial court abuses its discretion if it reaches a decision so arbitrary and
unreasonable as to amount to a clear and prejudicial error of law, or if it
clearly fails to analyze or apply the law correctly.  In re
Cerberus Capital Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005).  A trial court has the discretion to order pre-arbitration
discovery if it lacks sufficient information regarding the scope of an
arbitration provision or other issues of arbitrability, such as a defense to
arbitration.  In re Houston Pipe Line Co., 311 S.W.3d 449, 451 (Tex. 2009)(orig.
proceeding).  Although the scope of discovery
is within the trial court’s discretion, the trial court must make an effort to
impose reasonable discovery limits.  In re CSX Corp., 124 S.W.3d 149, 152
(Tex. 2003).  Accordingly, discovery
requests must be reasonably tailored to include only matters relevant to the
case.  In re Am. Optical Corp., 988 S.W.2d 711, 713 (Tex. 1998).  Because discovery is limited to matters that
are relevant to the case, requests for information that are not reasonably
tailored as to time, place, or subject matter amount to impermissible “fishing
expeditions.”  See CSX Corp., 124 S.W.3d at 152. 
Accordingly, an order that compels production of patently irrelevant
matters is an abuse of discretion.  Id. at 153.

            A
relator has no adequate remedy by appeal if the appellate court is unable to cure
the trial court’s discovery error.  Walker v. Packer, 827 S.W.2d 833, 843
(Tex. 1992).  This occurs when the trial
court erroneously “compels the production of patently irrelevant . . .
documents, such that it clearly constitutes harassment or imposes a burden on
the producing party far out of proportion to any benefit that may obtain to the
requesting party.”  Id.  In such a situation, mandamus
is the proper remedy.  Id.

THE
FRANKEN AMENDMENT

In its first issue, ReadyOne argues that the
trial court erred by ordering discovery regarding the applicability of the
Franken Amendment because, on its face, the Amendment is inapplicable, and even
if applicable, does not bar enforcement of the arbitration agreement.  ReadyOne thus insists that the trial court
abused its discretion by requiring discovery into patently irrelevant
matters.  We agree.

Applicable Law

            Our analysis of whether the
Franken Amendment applies in this case turns on a question of statutory
construction.  A question of statutory
construction is a legal one that we review de
novo.  Entergy Gulf States, Inc. v. Summers, 282 S.W.3d 433, 437 (Tex. 2009).
 When
construing statutes, we ascertain and give effect to the legislature’s
intent.  Id.  We do so by looking
first and foremost at the statutory text, reading the words and phrases in
context and construing them according to the rules of grammar and common usage.  Id.;
Lexington Ins. Co. v. Strayhorn, 209
S.W.3d 83, 85 (Tex. 2006); Tex.Gov’t
Code Ann. § 311.011 (West 2005).  Where
statutory text is clear, it is determinative of legislative intent unless the
plain meaning of the statute’s text would produce an absurd result.  Entergy,
282 S.W.3d at 437.

Several canons of statutory construction are
helpful in guiding our analysis.  Under
the doctrine of ejusdem generis, when
general words in a statute follow specific examples, the general words are to
be restricted in their meaning to a sense analogous to the same kind or class
as those expressly mentioned.  City of San Antonio v. City of Boerne,
111 S.W.3d 22, 29 (Tex. 2003).  Likewise,
according to the maxim noscitur a sociis
(associated words), when general and specific words are grouped together in a
statute, the general words are limited by the specific and will be construed to
embrace only objects similar in nature to those things identified by the
specific words.  Id.  Similarly, the last
antecedent rule states that a qualifying phrase in a statute must be confined
to the words and phrases immediately preceding it to which it may, without
impairing the meaning of the sentence, be applied.  Spradlin
v. Jim Walter Homes, Inc., 34 S.W.3d 578, 581 (Tex. 2000).

Discussion

1.  Abuse of Discretion

With these principles in mind, we have
scrutinized the Franken Amendment to determine whether personal injury claims
related to or arising out of negligent hiring, supervision, or retention fall
within its parameters.  We conclude that
they do not.

In relevant part, the Franken Amendment
provides:

(a)
None of the funds appropriated or otherwise made available by this Act may be
expended for any Federal contract for an amount in excess of $1,000,000 that is
awarded more than 60 days after the effective date of this Act, unless the
contractor agrees not to:

.               .               .

 

(2)
take any action to enforce any provision of an existing agreement with an
employee or independent contractor that mandates that the employee or
independent contractor resolve through arbitration any claim under title VII of
the Civil Rights Act of 1964 or any tort related to or arising out of sexual
assault or harassment, including assault and battery, intentional infliction of
emotional distress, false imprisonment, or negligent hiring, supervision, or
retention.

 

Pub. L. 111-118, § 8116, 123 Stat. 3409, 3454-55 (2009).  By regulation, the Amendment “does not
apply to the acquisition of commercial items (including commercially available
off-the-shelf items).”  48 C.F.R. §
222.7403 (West 2010).

The dispute here centers on the
meaning of the clause “any claim under
title VII of the Civil Rights Act of 1964 or
any tort related to or arising out of sexual assault or harassment, including assault and battery,
intentional infliction of emotional distress, false imprisonment, or negligent hiring, supervision, or
retention.”  [Emphasis added].  ReadyOne
asserts that “the list of generic torts following ‘including’ are not
additional torts to which the arbitration prohibition would apply,” but are
“simply a descriptive list of some of the type of torts that could arise out of
sexual assault or harassment.”  Simental,
on the other hand, posits that, when read in the disjunctive, the conjunction
“or” serve to identify the types of claims to which the Amendment applies and
to cast them as claims independent of one another.  Thus, according to Simental, the phrase “or
negligent hiring, supervision, or retention” is independent of and does not
modify the phrase “any tort related to or arising out of sexual assault or
harassment, including . . . .”  We
disagree.

When identifying the types of claims not
subject to arbitration, the Amendment begins by listing title VII claims,
followed by the clause “or any tort related to or arising out of sexual assault
or harassment,” which in turn is followed by the adjectival phrase “including assault
and battery, intentional infliction of emotional distress, false imprisonment .
. . .”  The concluding phrase “or
negligent hiring, supervision, or retention” immediately follows the beginning
of the adjectival phrase identifying torts that fall in the class of claims
related to or arising out of sexual assault or harassment.  Applying the doctrine of ejusdem generis in conjunction with the
maxim noscitur a sociis and the last antecedent rule, we conclude
that the phrase “or negligent hiring,
supervision, or retention” refers only to claims “such like” the class
of claims immediately preceding the use of the present participle “including,” i.e., torts related to or arising out of sexual assault or harassment.  This is because negligent hiring, negligent supervision, and negligent retention are
torts analogous to those expressly mentioned as the type of torts that could arise out of sexual assault or
harassment – assault and battery, intentional infliction of emotional distress,
and false imprisonment.  Furthermore,
because all of these torts are similar in nature, are grouped together, and
follow the word “including,” which precedes the phrase “any tort related to or
arising out of sexual assault or harassment,” they qualify the phrase and are
therefore confined to it.  Accordingly,
the phrase “or negligent hiring,
supervision, or retention” was not intended to define a category of
claims separate and apart from title VII claims or torts related to or arising out of sexual assault or harassment.

            As
noted above, Simental argues that
because the various types of claims and torts identified in the disputed clause
are separated by the disjunctive “or,” they should be construed as alternative
claims, separate from and independent of one another.  However, the structure and composition
of the statutory text belie this argument and compel the conclusion that “negligent hiring, supervision, or retention”
are not claims separate from and
independent of the other non-arbitrable claims identified in the statute.  If Simental
is correct that the phrase “or negligent hiring, supervision, or retention”
identifies the third element in a list of three items, then a comma would have
been placed between the conjunction “or” separating the phrases “any claim under title VII” and “any tort
related to or arising out of sexual assault or harassment” to identify each of
the three members in the series.  The
fact that the conjunction “or” between the phrases identifying title VII claims
and sexual assault claims is not separated by a comma indicates that there are
no more than two elements identified in the list of claims not subject to
arbitration.  Indeed, the use of the
comma before the conjunction “or” to separate the phrase “assault and battery,
intentional infliction of emotional distress, false imprisonment” from “negligent
hiring, supervision, or retention” denotes that the drafters of the Amendment
used it as a serial comma to identify the disputed phrase as the final item in
the list of the torts encompassing sexual assault and harassment.  According to the Oxford Style Manual, “[t]he [use
of a serial comma] serves . . . to resolve ambiguity, particularly when any of
the items are compound terms joined by a
conjunction.”  Oxford Style Manual, Oxford University
Press, 2002, p. 122 [Emphasis added].

            Because the Franken
Amendment does not apply to personal injury claims related to or arising out of
negligent hiring, supervision, or retention, we hold that the trial court
abused its discretion by ordering discovery concerning the applicability of the
Franken Amendment to the arbitrability of Simental’s personal injury claims.

2.  Inadequate Remedy by Appeal

            As established above, Simental
seeks documents from ReadyOne to determine if it has federal contracts in
excess of $1 million and if it manufactures items commercially available
off-the-shelf.  This information is
targeted to discover if ReadyOne is bound by the requirements of the Franken
Amendment.  Justification for the
discovery of this information, however, requires that the type of claim alleged
by Simental – a negligence claim in a non-subscriber personal injury case –
fall within the parameters of the Amendment. 
Because this type of claim is not encompassed by the Amendment, the
discovery of the information ordered by the trial court is irrelevant and is
therefore unduly harassing and burdensome. 
Such an error cannot be cured by ordinary appeal.  See Walker,
827 S.W.2d at 843.  Accordingly, we hold that ReadyOne has no adequate
remedy by appeal.

DISCOVERY
ON DEFENSES TO ARBITRATION

In its second and final issue, ReadyOne
contends that “[t]he trial court abused its discretion in ordering discovery
concerning fraudulent inducement and meeting of the minds because [Simental]
failed to raise a reasonable expectation that discovery would reveal the
arbitration agreement to be unenforceable.” 
We agree.

Applicable Law

            The law favors
arbitration.  In re FirstMerit Bank, N.A., 52 S.W.3d 749, 756 (Tex. 2001).
Therefore, the party seeking to avoid arbitration bears the burden of proving a
defense against arbitration.  Id. 
To be entitled to pre-arbitration discovery on a particular defense, the
party opposing arbitration must show or provide a colorable basis or reason to
believe that the discovery requested is material in establishing the
defense.  See Barron v. Vanier, 190 S.W.3d 841, 849-50 (Tex.App.--Fort Worth
2006, no pet.)(holding that it is an abuse of discretion to deny additional
jurisdictional discovery if movant shows that “further discovery might
demonstrate facts sufficient to constitute a basis for jurisdiction” or “makes
a good-faith showing, provides a colorable basis for, or makes a prima facie
case of personal jurisdiction, or provides a reason to believe that discovery
would reveal sufficient minimum contacts).; Solgas
Energy Ltd. v. Global Steel Holdings Ltd., No. 04-06-00731-CV, 2007 WL
1892206, at *6-7 (Tex.App.--San Antonio July 3, 2007, no pet.)(mem. op.)(holding
that trial court did not abuse its discretion in determining that plaintiff’s
alter ego allegation did not entitle it to pursue additional discovery in an
effort to establish an alter ego connection because plaintiff’s pleadings and
evidence failed to show or provide a colorable basis for believing that further
discovery might demonstrate facts sufficient to constitute a basis for
jurisdiction).

Discussion

1.  Abuse of Discretion

            Simental failed to show
or provide a colorable basis or reason to believe that discovery would be
material in establishing that the arbitration agreement was invalid because she
was fraudulently induced to sign it and because there was no meeting of the
minds.  In her response to ReadyOne’s
motion to compel arbitration, Simental alleged that ReadyOne fraudulently
induced her to sign the arbitration agreement because ReadyOne failed to
identify and explain the arbitration agreement to her, and that ReadyOne’s
failure to do so “indicates that there was no ‘meeting of the minds’ as to the
arbitration agreement.”  In support of
these allegations, Simental submitted her affidavit.  However, nothing in Simental’s affidavit indicates
that ReadyOne made a fraudulent representation that the documents she was asked
to sign did not contain an arbitration provision or that the arbitration provision
was something else.  An essential element
of fraudulent inducement is a material representation that is false.  Formosa
Plastics Corp. USA v. Presidio Eng’r & Contractors, Inc., 960 S.W.2d
41, 47 (Tex. 1998).  Simental simply stated
in her affidavit that she “was given a few documents to sign during [her] brief
orientation,” that she “was only given signature pages and was not explained
what the documents related to,” and that she “assumed the documents related to
[her] W-2 tax forms . . . .”  This
testimony does not constitute evidence of fraud in connection with the
existence of the arbitration agreement nor does it provide a colorable basis or
reason to believe that discovery would be material in establishing that
ReadyOne fraudulently induced Simental to sign the agreement and that,
consequently, there was no meeting of the minds.  See In
re FirstMerit Bank, 52 S.W.3d at
758 (there was “no evidence that the sellers actually misrepresented the
[arbitration] Addendum’s terms, or that they made any false material
representations with regard to the Arbitration Addendum itself”).

            Simental argues that the
testimony in her affidavit “provided sufficient information from which the
trial court could conclude it lacked complete information to summarily decide
the issue of whether there was a valid and enforceable agreement to arbitrate
between the parties under general contract principles.”  However, this is not the applicable test to
determine whether pre-arbitration discovery on the validity of an
arbitration agreement is warranted.  As
established above, when a trial court lacks sufficient information regarding
the applicability of a defense to an arbitration agreement, it has the
discretion to order pre-arbitration discovery. 
See In re Houston Pipe Line Co.,
311 S.W.3d at 451.  However, it may do so
only if it has a colorable basis or
reason to believe that discovery will aid in that determination.  See Barron,
190 S.W.3d at 849-50; Solgas, 2007 WL
1892206, at *6-7.  Adopting Simental’s position
that pre-arbitration discovery is warranted when the trial court lacks sufficient
information to summarily conclude that
the arbitration agreement is valid would impermissibly shift the burden of
persuasion from the party seeking to avoid arbitration to the party seeking to
enforce arbitration.  See In re FirstMerit Bank, N.A., 52
S.W.3d at 756 (noting that party opposing arbitration bears the burden of
proving a defense against arbitration).

            In light of the
foregoing, we hold that the trial court abused its discretion by ordering discovery
on Simental’s defensive claims of fraudulent inducement and no meeting of the minds.

2.  Inadequate Remedy by Appeal

            Simental’s failure to prove
that the discovery she sought would be material in helping her establish her
defenses to arbitration did not provide the trial court with the basis required
to order pre-arbitration discovery.  Because
the trial court had no basis to compel ReadyOne to produce the information
sought by Simental, the trial court’s discovery order was unjustifiably
harassing and unduly burdensome.  Such an
error cannot be cured by ordinary appeal.  See Walker,
827 S.W.2d at 843.  Accordingly, we hold that ReadyOne has no adequate
remedy by appeal.

CONCLUSION

            We conditionally grant ReadyOne’s petition
for writ of mandamus.  We hereby direct
the trial court to vacate its discovery order. 
Mandamus will issue only if the trial court fails to act within ten days
from the date of this opinion.

 

 

December
21, 2012

                                                                        CHRISTOPHER
ANTCLIFF, Justice

 

Before
McClure, C.J., Rivera, and Antcliff, JJ.











[1]
Section 8116 of the Department of
Defense Appropriations Act of 2010 is known as the Franken Amendment because of
its author, Senator Al Franken of “Saturday Night Live” fame.