In re HOUSTON PIPE LINE
COMPANY, et al.,
Relator.

No. 08–0800.

Supreme Court of Texas.

July 3, 2009.

Order Overruling Rehearing
Oct. 23, 2009.

Rehearing Denied July 2, 2010.

Charles W. Schwartz, Kelley M. Keller, Heather A. Hegefeld, Daniel E. Bolia, Skadden Arps Slate Meagher & Flom, John Lohmann III, Lohmann Glazer & Irwin, Houston, TX, for Relator.

Thomas J. Sims, Neel Alan Choudhury, Binion & Sims, PC, Houston, TX, Timothy S. Perkins, Smith Underwood & Perkins, P.C., Dallas, TX, James W. Cole, Cole Cole & Easley, William F. Seerden, Cullen Carsner Seerden & Cullen, Ronald B. Walker, Walker Keeling & Carroll, Victoria, TX, Gilberto Hinojosa, Magallanes & Hinojosa, PC, Brownsville, TX, Stanley B. Binion, Binion & Sims, Houston, TX, Craig T. Enoch, Melissa Prentice Lorber, Alex S. Valdes, Winstead PC, Austin, TX, for Real party in Interest.

PER CURIAM.

When deciding a motion to compel arbitration under the Federal Arbitration Act, a Texas trial court applies Texas procedure, which permits discovery to be taken when it is needed before the arbitration or to permit the arbitration to be conducted in an orderly manner. TEX. CIV. PRAC. & REM.CODE § 171.086(a)(4),(6); *see also Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 268 (Tex.1992). At issue in this proceeding is whether the trial court abused its discretion by permitting discovery on damage calculations and other potential defendants, instead of deciding the motion to compel arbitration. For the reasons below, we conclude the trial court should not have ordered pre-arbitration discovery, but rather should have decided the motion to compel arbitration.

Houston Pipe Line Company, L.P., signed an agreement to purchase gas from O'Connor & Hewitt, Ltd., based on the Houston Ship Channel Price Index.[1] Several years later, O'Connor sued Houston Pipe Line, Energy Transfer Partners, L.P., Energy Transfer Equity, L.P., and La Grange Acquisition, L.P., for manipulating the Index downward, which caused O'Connor to receive lower payments for gas delivered pursuant to the contract. As a signatory to the contract, Houston Pipe Line sought to enforce the arbitration provision.[2] Energy Transfer and La Grange were not parties to the agreement, but tried to compel arbitration based on a direct benefits equitable estoppel theory. *See Meyer v. WMCO–GP, LLC,* 211 S.W.3d 302, 305 (Tex.2006); *Sherer v. Green Tree Servicing LLC,* 548 F.3d 379, 382 (5th Cir.2008). O'Connor resisted arbitration by attacking the scope of the arbitration provision and contending that it would be impossible to identify all potential defendants and to complete damages calculations within the sixty days allotted for discovery, as set out in the arbitration provision. Rather than rule on the motion to compel, the trial court ordered discovery to aid it in deciding the motion. Specifically, the trial court ordered discovery to determine if additional defendants could equitably invoke the arbitration clause, whether O'Connor's claims fell within the

---

1. This index is published monthly in the natural gas industry trade journal *Inside FERC.*

2. The arbitration provision provided:
   Except for matters within the jurisdiction of the Railroad Commission of Texas, any and all claims, demands, causes of action, disputes, controversies, and other matters in question arising out of or relating to this Agreement, any of its provisions, or the relationship between the Parties created by this Agreement ... shall be resolved by binding arbitration pursuant to the Federal Arbitration Act.... If a Party refuses to ... arbitrate, the other Party may seek to compel arbitration in either federal or state court.... The final hearing shall be conducted within 60 days of the selection of the third arbitrator ... [and] shall not exceed 10 business days.

scope of the arbitration clause, and if the time limitations imposed by the clause were jurisdictional. In its order, the trial court suggested that it would be virtually impossible[3] to conduct the necessary discovery within the sixty-day time frame allotted to the arbitrator under the agreement and that O'Connor:

> lacks sufficient information [regarding the possible price manipulation] . . . and that discovery is needed so that the scope of the Arbitration clause . . . may be properly applied to the actual party responsible . . . Moreover, the documents sought by [O'Connor] from [Houston Pipe Line and Energy Transfer]:(1) Would be needed before any Arbitration proceedings begin; (2) Will permit any Arbitration to be conducted in an orderly manner; (3) Will facilitate any Arbitration under Section 171.086 of the Texas Civil Practice and Remedies Code; and (4) Will aid in determining the issues of arbitrability . . .

Houston Pipe Line and Energy Transfer sought mandamus relief in the court of appeals, arguing that the trial court had abused its discretion by not ruling on the motion to compel. The court of appeals refused to issue the writ, concluding that the trial court had acted within its discretion. We disagree that the discovery ordered by the trial court was needed for it to rule on the motion to compel.

■ When a party disputes the scope of an arbitration provision or raises a defense to the provision, the trial court, not the arbitrator, must decide the issues. *Buckeye Check Cashing, Inc. v. Cardegna,* 546 U.S. 440, 444, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006). And "[w]hen Texas courts are called on to decide if disputed claims fall within the scope of an arbitra-

tion clause under the Federal Act, Texas procedure controls that determination." *Tipps,* 842 S.W.2d at 268. Pre-arbitration discovery is expressly authorized under the Texas Arbitration Act when a trial court cannot fairly and properly make its decision on the motion to compel because it lacks sufficient information regarding the scope of an arbitration provision or other issues of arbitrability. *See* TEX. CIV. PRAC. & REM.CODE §§ 171.023(b), 171.086(a)(4),(6). This, however, is not an authorization to order discovery as to the merits of the underlying controversy. Motions to compel arbitration and any reasonably needed discovery should be resolved without delay. *Tipps,* 842 S.W.2d at 269.

■ The discovery authorized by the trial court seeks to determine the identity of all potential defendants and to what extent each defendant is liable, including Houston Pipe Line. Such an inquiry is inappropriate because determinations of ultimate liability ordinarily must be answered during the arbitration proceeding, while questions regarding the scope of the arbitration clause should be decided by the trial court. *See AT & T Techs., Inc. v. Commc'ns Workers of Am.,* 475 U.S. 643, 649, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986). The necessity of identifying other culpable parties could, under some circumstances, be related to arbitrability. But, a party cannot avoid its agreement to arbitrate merely by alleging that there may be other potential defendants; it must link the identity of the defendants to an issue of arbitrability, such as scope, or a defense to arbitration. *See* 9 U.S.C. § 4; TEX. CIV. PRAC. & REM.CODE §§ 171.021, 171.026; *see also J.M. Davidson, Inc. v. Webster,* 128 S.W.3d 223, 227 (Tex.2003).

---

**3.** Although not determinative here, ordinarily the arbitrator, rather than the trial court, will be better able to determine the preclusive

effects of discovery limitations in the arbitration agreement. *See In re Poly–America, L.P.,* 262 S.W.3d 337, 358 (Tex.2008).

**452**

Because the discovery ordered here is overbroad and beyond the issues raised in the motion to compel, we conclude that the trial court abused its discretion by ordering this discovery rather than ruling on the legal issues raised by the motion to compel. Accordingly, without hearing oral argument, we conditionally grant the writ and direct the trial court to vacate the discovery order and to rule on the motion to compel arbitration. TEX.R.APP. P. 52.8(c). We are confident the trial court will comply, and our writ will issue only if it does not.

### On Motion for Rehearing

O'Connor complains on rehearing that our opinion may be misinterpreted to foreclose all pre-arbitration discovery in the underlying case because we have vacated the underlying discovery order and directed the trial court to rule on the pending motion to compel arbitration. O'Connor submits that such an interpretation would conflict with the Court's recognition here that pre-arbitration discovery is permissible when a trial court needs additional information to make its determination regarding the scope of the arbitration provision or other issues of arbitrability. We reiterate that the discovery order below was overbroad and must be vacated, but that the trial court retains discretion to order limited discovery on issues of scope or arbitrability, if necessary. We further reiterate that motions to compel arbitration and any reasonable discovery should be resolved without delay.

O'Connor's motion for rehearing is overruled.