COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
  
  
 IN RE:  READYONE INDUSTRIES, INC.,
  
  
  
 
 
 §
  
 §
  
 §
  
 §
  
 § 
  
 §
  
 
 
  
  
  
  
 No. 08-12-00118-CV
  
 AN ORIGINAL
 PROCEEDING 
  
 IN MANDAMUS 
  
 
 


O
P I N I O N

In this original proceeding, ReadyOne Industries, Inc. seeks mandamus relief from the trial court’s order permitting discovery on
the arbitrability of an agreement between ReadyOne and its employee, Maria G.
Guillen-Chavez (“Guillen-Chavez”), governing work-related injuries.  ReadyOne contends that
the trial court erred in
deciding that the Franken Amendment[1] might apply
to Guillen-Chavez’s negligence cause of action and that Guillen-Chavez established the facts necessary to raise a
reasonable expectation that the arbitration agreement was unenforceable because
of her mental capacity and the circumstances surrounding its execution.  Concluding that the Franken Amendment is
inapplicable in a personal injury suit and that Guillen-Chavez
failed to provide a colorable or reasonable basis for believing that discovery
would materially aid her in establishing her defenses to the validity of the
arbitration agreement, we conditionally
grant mandamus relief.

FACTUAL
AND PROCEDURAL BACKGROUND

            Alleging that she sustained an on-the-job
injury, Guillen-Chavez sued ReadyOne for negligence.  After filing an answer, ReadyOne moved to
compel arbitration pursuant to an agreement requiring that claims of on-the-job
injuries be submitted to binding arbitration. 
In response, Guillen-Chavez moved for limited discovery on the issue of
arbitrability to “develop [her] case, and defend against [ReadyOne’s]
contentions that a valid arbitration agreement exists[,] . . . [and] . . . to
develop or inquire into any factual issues that may preclude or discredit the
existence of a valid arbitration agreement.”

            At the hearing on these
matters, Guillen-Chavez re-urged her contention that she needed
limited discovery to further develop her defenses to the arbitration agreement,
namely that the circumstances surrounding the signing of the arbitration
agreement called into question its validity given her lack of education,
reliance on medication, and epilepsy.  Guillen-Chavez also argued that her claims against ReadyOne
are not arbitrable because the Franken Amendment prevents federal contractors
from enforcing agreements to arbitrate tort claims related to or arising out of
negligent hiring, supervision, or retention. 
ReadyOne countered that the testimony in Guillen-Chavez’s
affidavit did not support her claims that the arbitration agreement was invalid
because she lacked the mental capacity to sign it, she was fraudulently induced
to sign it, and there was no meeting of the minds.  ReadyOne also disputed Guillen-Chavez’s claim that the Franken Amendment applies to
torts related to or arising out of negligent hiring, supervision, or retention
in a personal injury suit.  As urged by ReadyOne,
the Amendment applies only to title VII claims or torts related to or arising
out of sexual assault or harassment.

            After considering the
parties’ arguments, the trial court ordered limited discovery on the applicability
of the Franken Amendment, Guillen-Chavez’s mental capacity, and the circumstances
surrounding the execution of the arbitration agreement.  With respect to the applicability of the
Franken Amendment, Guillen-Chavez was permitted to discover if ReadyOne has
federal contracts in excess of $1 million and if ReadyOne manufactures items
commercially available off-the-shelf.

MANDAMUS

            To
obtain mandamus relief from the trial court’s discovery order, ReadyOne must
meet two requirements.  ReadyOne must
show that the trial court clearly abused its discretion and that it has no
adequate remedy by appeal.  In re Prudential Ins. Co. of Am., 148
S.W.3d 124, 135-36 (Tex. 2004).

            A
trial court abuses its discretion if it reaches a decision so arbitrary and
unreasonable as to amount to a clear and prejudicial error of law, or if it
clearly fails to analyze or apply the law correctly.  In re
Cerberus Capital Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005).  A trial court has the discretion to order pre-arbitration
discovery if it lacks sufficient information regarding the scope of an
arbitration provision or other issues of arbitrability, such as a defense to
arbitration.  In re Houston Pipe Line Co., 311 S.W.3d 449, 451 (Tex. 2009)(orig.
proceeding).  Although the scope of discovery
is within the trial court’s discretion, the trial court must make an effort to
impose reasonable discovery limits.  In re CSX Corp., 124 S.W.3d 149, 152
(Tex. 2003).  Accordingly, discovery
requests must be reasonably tailored to include only matters relevant to the
case.  In re Am. Optical Corp., 988 S.W.2d 711, 713 (Tex. 1998).  Because discovery is limited to matters that
are relevant to the case, requests for information that are not reasonably
tailored as to time, place, or subject matter amount to impermissible “fishing
expeditions.”  See CSX Corp., 124 S.W.3d at 152. 
Accordingly, an order that compels production of patently irrelevant
matters is an abuse of discretion.  Id. at 153.

            A
relator has no adequate remedy by appeal if the appellate court is unable to cure
the trial court’s discovery error.  Walker v. Packer, 827 S.W.2d 833, 843
(Tex. 1992).  This occurs when the trial
court erroneously “compels the production of patently irrelevant . . .
documents, such that it clearly constitutes harassment or imposes a burden on
the producing party far out of proportion to any benefit that may obtain to the
requesting party.”  Id.  In such a situation, mandamus
is the proper remedy.  Id.

THE
FRANKEN AMENDMENT

In its first issue, ReadyOne argues that the
trial court erred by ordering discovery regarding the applicability of the
Franken Amendment because, on its face, the Amendment is inapplicable, and even
if applicable, does not bar enforcement of the arbitration agreement.  ReadyOne thus insists that the trial court
abused its discretion by requiring discovery into patently irrelevant
matters.  We agree.

Applicable Law

            Our analysis of whether the
Franken Amendment applies in this case turns on a question of statutory
construction.  A question of statutory
construction is a legal one that we review de
novo.  Entergy Gulf States, Inc. v. Summers, 282 S.W.3d 433, 437 (Tex. 2009).
 When
construing statutes, we ascertain and give effect to the legislature’s
intent.  Id.  We do so by looking
first and foremost at the statutory text, reading the words and phrases in
context and construing them according to the rules of grammar and common usage.  Summers,
282 S.W.3d at 437; Lexington Ins. Co. v. Strayhorn, 209
S.W.3d 83, 85 (Tex. 2006); Tex.Gov’t
Code Ann. § 311.011 (West 2005).  Where
statutory text is clear, it is determinative of legislative intent unless the
plain meaning of the statute’s text would produce an absurd result.  Entergy,
282 S.W.3d at 437.

Several canons of statutory construction are
helpful in guiding our analysis.  Under
the doctrine of ejusdem generis, when
general words in a statute follow specific examples, the general words are to
be restricted in their meaning to a sense analogous to the same kind or class
as those expressly mentioned.  City of San Antonio v. City of Boerne,
111 S.W.3d 22, 29 (Tex. 2003).  Likewise,
according to the maxim noscitur a sociis
(associated words), when general and specific words are grouped together in a
statute, the general words are limited by the specific and will be construed to
embrace only objects similar in nature to those things identified by the
specific words.  Id.  Similarly, the last
antecedent rule states that a qualifying phrase in a statute must be confined
to the words and phrases immediately preceding it to which it may, without
impairing the meaning of the sentence, be applied.  Spradlin
v. Jim Walter Homes, Inc., 34 S.W.3d 578, 581 (Tex. 2000).

Discussion

1.  Abuse of Discretion

With these principles in mind, we have
scrutinized the Franken Amendment to determine whether personal injury claims
related to or arising out of negligent hiring, supervision, or retention fall
within its parameters.  We conclude that
they do not.

In relevant part, the Franken Amendment
provides:

(a)
None of the funds appropriated or otherwise made available by this Act may be
expended for any Federal contract for an amount in excess of $1,000,000 that is
awarded more than 60 days after the effective date of this Act, unless the
contractor agrees not to:

.               .               .

 

(2)
take any action to enforce any provision of an existing agreement with an
employee or independent contractor that mandates that the employee or
independent contractor resolve through arbitration any claim under title VII of
the Civil Rights Act of 1964 or any tort related to or arising out of sexual
assault or harassment, including assault and battery, intentional infliction of
emotional distress, false imprisonment, or negligent hiring, supervision, or
retention.

 

Pub. L. 111-118, § 8116, 123 Stat. 3409, 3454–55 (2009).  By regulation, the Amendment “does not
apply to the acquisition of commercial items (including commercially available
off-the-shelf items).”  48 C.F.R. §
222.7403 (West 2010).

The dispute here centers on the
meaning of the clause “any claim under
title VII of the Civil Rights Act of 1964 or
any tort related to or arising out of sexual assault or harassment, including assault and battery,
intentional infliction of emotional distress, false imprisonment, or negligent hiring, supervision, or
retention.”  [Emphasis added].  ReadyOne
asserts that “the list of generic torts following ‘including’ are not
additional torts to which the arbitration prohibition would apply,” but are
“simply a descriptive list of some of the type of torts that could arise out of
sexual assault or harassment.”  Guillen-Chavez, on the other hand, posits that, when read
in the disjunctive, the conjunction “or” serves to identify the types of claims
to which the Amendment applies and to cast them as claims independent of one another.  Thus, according to Guillen-Chavez, the phrase “or negligent hiring,
supervision, or retention” is independent of and does not modify the phrase “any
tort related to or arising out of sexual assault or harassment, including . . .
.”  We disagree.

When identifying the types of claims not
subject to arbitration, the Amendment begins by listing title VII claims,
followed by the clause “or any tort related to or arising out of sexual assault
or harassment,” which in turn is followed by the adjectival phrase “including assault
and battery, intentional infliction of emotional distress, false imprisonment .
. . .”  The concluding phrase “or
negligent hiring, supervision, or retention” immediately follows the beginning
of the adjectival phrase identifying torts that fall in the class of claims
related to or arising out of sexual assault or harassment.  Applying the doctrine of ejusdem generis in conjunction with the
maxim noscitur a sociis and the last antecedent rule, we conclude
that the phrase “or negligent hiring,
supervision, or retention” refers only to claims “such like” the class
of claims immediately preceding the use of the present participle “including,” i.e., torts related to or arising out of sexual assault or harassment.  This is because negligent hiring, negligent supervision, and negligent retention are
torts analogous to those expressly mentioned as the type of torts that could arise out of sexual assault or
harassment – assault and battery, intentional infliction of emotional distress,
and false imprisonment.  Furthermore,
because all of these torts are similar in nature, are grouped together, and
follow the word “including,” which precedes the phrase “any tort related to or
arising out of sexual assault or harassment,” they qualify the phrase and are
therefore confined to it.  Accordingly,
the phrase “or negligent hiring,
supervision, or retention” was not intended to define a category of
claims separate and apart from title VII claims or torts related to or arising out of sexual assault or harassment.

            As
noted above, Guillen-Chavez argues that because the various types of
claims and torts identified in the disputed clause are separated by the
disjunctive “or,” they should be construed as alternative claims, separate from
and independent of one another.  However,
the structure and composition of the statutory text belie this argument
and compel the conclusion that “negligent
hiring, supervision, or retention” are not claims separate from and independent of the other non-arbitrable claims
identified in the statute.  If Guillen-Chavez
is correct that the phrase “or negligent hiring, supervision, or retention”
identifies the third element in a list of three items, then a comma would have
been placed between the conjunction “or” separating the phrases “any claim under title VII” and “any tort
related to or arising out of sexual assault or harassment” to identify each of
the three members in the series.  The
fact that the conjunction “or” between the phrases identifying title VII claims
and sexual assault claims is not separated by a comma indicates that there are
no more than two elements identified in the list of claims not subject to
arbitration.  Indeed, the use of the
comma before the conjunction “or” to separate the phrase “assault and battery,
intentional infliction of emotional distress, false imprisonment” from “negligent
hiring, supervision, or retention” denotes that the drafters of the Amendment
used it as a serial comma to identify the disputed phrase as the final item in
the list of the torts encompassing sexual assault and harassment.  According to the Oxford Style Manual, “[t]he [use
of a serial comma] serves . . . to resolve ambiguity, particularly when any of
the items are compound terms joined by a
conjunction.”  Oxford Style Manual, Oxford University
Press, 2002, p. 122 [Emphasis added].

            Because the Franken
Amendment does not apply to personal injury claims related to or arising out of
negligent hiring, supervision, or retention, we hold that the trial court
abused its discretion by ordering discovery concerning the applicability of the
Franken Amendment to the arbitrability of Guillen-Chavez’s personal injury
claims.

2.  Inadequate Remedy by Appeal

            As established above, Guillen-Chavez seeks documents from ReadyOne to determine
if it has federal contracts in excess of $1 million and if it manufactures
items commercially available off-the-shelf. 
This information is targeted to discover if ReadyOne is bound by the
requirements of the Franken Amendment.  Justification
for the discovery of this information, however, requires that the type of claim
alleged by Guillen-Chavez – a negligence claim in a non-subscriber
personal injury case – fall within the parameters of the Amendment.  Because this type of claim is not encompassed
by the Amendment, the discovery of the information ordered by the trial court
is irrelevant and is therefore unduly harassing and burdensome.  Such an error cannot be cured by ordinary
appeal.  See Walker, 827 S.W.2d at 843. 
Accordingly, we hold that ReadyOne
has no adequate remedy by appeal.

DISCOVERY
ON DEFENSES TO ARBITRATION

In its second and final issue, ReadyOne
contends that “[t]he trial court abused its discretion in ordering discovery concerning
[Guillen-Chavez’s] mental capacity and the circumstances
surrounding the signing of the arbitration agreement because [she] failed to
raise a reasonable expectation that such discovery would reveal the arbitration
agreement was unenforceable on those grounds.” 
We agree.

Applicable Law

            The law favors
arbitration.  In re FirstMerit Bank, N.A., 52 S.W.3d 749, 756 (Tex. 2001).
Therefore, the party seeking to avoid arbitration bears the burden of proving a
defense against arbitration.  Id. 
To be entitled to pre-arbitration discovery on a particular defense, the
party opposing arbitration must show or provide a colorable basis or reason to
believe that the discovery requested is material in establishing the
defense.  See Barron v. Vanier, 190 S.W.3d 841, 849-50 (Tex.App.--Fort Worth
2006, no pet.)(holding that it is an abuse of discretion to deny additional
jurisdictional discovery if movant shows that “further discovery might
demonstrate facts sufficient to constitute a basis for jurisdiction” or “makes
a good-faith showing, provides a colorable basis for, or makes a prima facie
case of personal jurisdiction, or provides a reason to believe that discovery
would reveal sufficient minimum contacts.); Solgas
Energy Ltd. v. Global Steel Holdings Ltd., No. 04-06-00731-CV, 2007 WL
1892206, at *6-7 (Tex.App.--San Antonio July 3, 2007, no pet.)(mem. op.)(holding
that trial court did not abuse its discretion in determining that plaintiff’s
alter ego allegation did not entitle it to pursue additional discovery in an
effort to establish an alter ego connection because plaintiff’s pleadings and
evidence failed to show or provide a colorable basis for believing that further
discovery might demonstrate facts sufficient to constitute a basis for
jurisdiction).

Discussion

1.  Abuse of Discretion

            Guillen-Chavez failed to show or provide a colorable basis or
reason to believe that discovery would be material in establishing that the arbitration
agreement was invalid because she lacked the mental capacity to understand what
she was signing, she was fraudulently induced to sign it, and there was no
meeting of the minds.  In her response to
ReadyOne’s motion to compel arbitration, Guillen-Chavez
alleged that she “lacked the capacity to contract in this case” because she
“was under the influence of prescription medication for epileptic seizures” and
“[,][a]s a result . . . [she] was intoxicated [when she signed the arbitration
agreement.].”  Guillen-Chavez also alleged
in her response that ReadyOne
fraudulently induced her to sign the arbitration agreement because ReadyOne
knew she was incapacitated and yet failed to identify and explain the
arbitration agreement to her, and that ReadyOne’s failure to do so “indicates
that there was no ‘meeting of the minds’ as to the arbitration agreement.”

            In support of these
allegations, Guillen-Chavez submitted her affidavit.  However, nothing in Guillen-Chavez’s affidavit indicates that she was so
intoxicated that it rendered her materially incapable of reasoning and
understanding.  While an agreement is voidable
due to intoxication, it is voidable only if “the intoxication [is] so excessive
as to render the person incapable of exercising his judgment or understanding
the nature of the agreement and the consequences of its execution.”  Portwood
v. Portwood, 109 S.W.2d 515, 524 (Tex.Civ.App.--Eastland 1937, writ dism’d).  Guillen-Chavez’s
statements in her affidavit that she “was under the influence of [Topamax]
[when] I was asked to sign the [arbitration agreement]” and that “[Topamax]
inhibits my ability to comprehend and concentrate for periods of time” simply
fail to establish that she was incapacitated to the extent that she could not
have understood and did not understand what she was signing.  Nor does Guillen-Chavez’s
statement provide a colorable basis or reason to believe that discovery would
be material in establishing that she was incapacitated to that extent.  Mere inhibition as to comprehension and concentration
does not equate to material incapacitation.

            Likewise, nothing in Guillen-Chavez’s
affidavit indicates that ReadyOne made a fraudulent representation that the
documents she was asked to sign did not contain an arbitration provision or
that the arbitration provision was something else.  An essential element of fraudulent inducement
is a material representation that is false. 
Formosa Plastics Corp. USA. v.
Presidio Eng’r & Contractors, Inc., 960 S.W.2d 41, 47 (Tex. 1998).  Guillen-Chavez
simply stated in her affidavit that she “was given many documents to sign,”
that she “took [them] home so that [her] husband could review them,” that she
“did not remember signing [them][,]” and that “no one . . . told [her] that
[she] was signing an arbitration agreement or what that meant.”  This testimony does not constitute evidence
of fraud in connection with the existence of the arbitration agreement nor does
it provide a colorable basis or reason to believe that discovery would be
material in establishing that ReadyOne fraudulently induced Guillen-Chavez to sign the agreement and that,
consequently, there was no meeting of the minds.  See
In re FirstMerit Bank, 52 S.W.3d at
758 (there was “no evidence that the sellers actually misrepresented the
[arbitration] Addendum’s terms, or that they made any false material
representations with regard to the Arbitration Addendum itself”).

            Guillen-Chavez argues that the testimony in her affidavit vested
the trial court with the discretion to permit discovery as to “whether . . . a
valid agreement to arbitrate [exists] under general contract principles” when the
trial court “has concluded it lacks complete information to summarily decide
the issue . . . .”  However, this is not
the applicable test to determine whether pre-arbitration discovery on
the validity of an arbitration agreement is warranted.  As established above, when a trial court lacks
sufficient information regarding the applicability of a defense to an
arbitration agreement, it has the discretion to order pre-arbitration discovery.  See In
re Houston Pipe Line Co., 311 S.W.3d at 451.  However, it may do so only if it has a colorable basis or reason to believe that discovery
will aid in that determination.  See Barron, 190 S.W.3d at 849-50; Solgas, 2007 WL 1892206, at *6-7.  Adopting Guillen-Chavez’s
position that pre-arbitration discovery is warranted when the trial court lacks
sufficient information to summarily
conclude that the arbitration agreement is valid would impermissibly shift the
burden of persuasion from the party seeking to avoid arbitration to the party
seeking to enforce arbitration.  See In re FirstMerit Bank, N.A., 52
S.W.3d at 756 (noting that party opposing arbitration bears the burden of
proving a defense against arbitration).

            In light of the
foregoing, we hold that the trial court abused its discretion by ordering discovery
on Guillen-Chavez’s defensive claim of mental incapacity,
fraudulent inducement, and no meeting of the minds.

2.  Inadequate Remedy by Appeal

            Guillen-Chavez’s failure to prove that the discovery she
sought would be material in helping her establish her defenses to arbitration did
not provide the trial court with the basis required to order pre-arbitration
discovery.  Because the trial court had
no basis to compel ReadyOne to produce the information sought by Guillen-Chavez, the trial court’s discovery order was
unjustifiably harassing and unduly burdensome. 
Such an error cannot be cured by ordinary appeal.  See Walker,
827 S.W.2d at 843.  Accordingly, we hold that ReadyOne has no adequate
remedy by appeal.

CONCLUSION

            We conditionally grant ReadyOne’s petition
for writ of mandamus.  We hereby direct
the trial court to vacate its discovery order. 
Mandamus will issue only if the trial court fails to act within ten days
from the date of this opinion.

 

 

December 21, 2012

                                                                        CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure,
C.J., Rivera, and Antcliff, JJ.











[1]
Section 8116 of the Department of
Defense Appropriations Act of 2010 is known as the Franken Amendment because of
its author, Senator Al Franken of “Saturday Night Live” fame.