

# NUMBER 13-15-00160-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE BRENNTAG SOUTHWEST, INC.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Perkes
### Memorandum Opinion by Justice Perkes[1]

Relator, Brenntag Southwest, Inc. ("Brenntag"), filed a petition for writ of mandamus and emergency motion for temporary relief in the above cause on April 1, 2015. Through this original proceeding, Brenntag seeks to compel the trial court to (1) withdraw its March 5, 2015 order compelling mediation, and (2) rule on Brenntag's motion to compel arbitration. The parties to this original proceeding have now filed a "Joint Advisory to the Court," by which they advise us that they agree to the relief sought in

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

Brenntag's petition for writ of mandamus. Specifically, "[a]fter reviewing the law and arguments" contained in the petition for writ of mandamus, real party in interest Abigail Bazan "cannot oppose the relief sought." The parties agree that this Court should direct the trial court to vacate its March 5, 2015 order requiring mediation and further direct the trial court to issue a ruling on Brenntag's motion to compel arbitration. As stated herein, we conditionally grant the petition for writ of mandamus.

## I. BACKGROUND

Bazan filed suit against her former employer, Brenntag, and Altivia Chemicals, L.L.C. ("Altivia"),[2] in the 139th District Court of Hidalgo County Texas,[3] alleging pregnancy discrimination and retaliation in violation of the Texas Commission on Human Rights Act. In connection with her employment with Brenntag, Bazan had signed a confidentiality agreement including an arbitration agreement requiring, in relevant part, the arbitration of "any claim or controversy . . . in any way relating to [Bazan's] employment with [Brenntag] or the termination thereof." Subsequently, Brenntag and Altivia filed a motion to compel arbitration and a motion to stay the litigation. Bazan, in response, filed a motion to compel mediation. Instead of ruling on the motion to compel arbitration, the trial court granted Bazan's motion and ordered the parties to mediation. This original proceeding ensued. This Court granted emergency relief and requested that Bazan file a response to the petition for writ of mandamus.

---

[2] Altivia did not join this petition for writ of mandamus. According to the petition, Brenntag's parent company acquired Altivia's stock during Bazan's employment with Brenntag, but Bazan was employed by Brenntag and not by Altivia.

[3] This cause arises from trial court cause number C-6316-13-C in the 139th District Court of Hidalgo County, Texas. The respondent in this original proceeding is the Honorable Roberto "Bobby" Flores, Presiding Judge of that court.

2

## II. STANDARD OF REVIEW

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court committed a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Frank Motor Co.*, 361 S.W.3d 628, 630 (Tex. 2012) (orig. proceeding); *In re Olshan Found. Repair Co., LLC*, 328 S.W.3d 883, 887 (Tex. 2010) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding)*; Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). This burden is a heavy one. *Id.*; *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding).

A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Olshan Found. Repair Co., LLC*, 328 S.W.3d at 888; *Walker*, 827 S.W.2d at 840. The second requirement for mandamus relief, that the relator has no adequate remedy by appeal, "has no comprehensive definition" and is decided on a case-by-case basis. *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136).

## III. APPLICABLE LAW

Arbitration is intended to provide a lower-cost, expedited means to resolve disputes. *In re Poly-Am., L.P.*, 262 S.W.3d 337, 347 (Tex. 2008) (orig. proceeding). Motions to compel arbitration should be resolved without delay. *In re Houston Pipe Line Co.*, 311 S.W.3d 449, 451 (Tex. 2009) (orig. proceeding); *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 268–69 (Tex.1992) (orig. proceeding). Accordingly, mandamus is

3

available to review a trial court's deferral of a ruling on a motion to compel arbitration. *See, e.g., In re Houston Pipe Line Co.*, 311 S.W.3d at 452; *In re Champion Techs.*, 173 S.W.3d 595, 599 (Tex. App.—Eastland 2005, orig. proceeding); *In re MHI P'ship, Ltd.*, 7 S.W.3d 918, 921 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding). Mandamus is appropriate when a trial court defers ruling on a motion to compel arbitration and instead grants mediation. *See In re Heritage Bldg. Sys., Inc.*, 185 S.W.3d 539, 543 (Tex. App.—Beaumont 2006, orig. proceeding) (per curiam) (conditionally granting mandamus relief and directing the trial court to vacate an order to mediate and noting that, while "[t]he arbitrator may, or may not, choose to require mediation," "the trial court's ordering the parties to mediation undermines the expectation of the parties that their dispute will be resolved by proceedings directed by an arbitrator").

## IV. ANALYSIS AND CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the parties' "Joint Advisory to the Court," and the applicable law, is of the opinion that relator has met its burden to obtain mandamus relief. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36. Accordingly, the stay previously imposed by this Court is LIFTED. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). The petition for writ of mandamus is CONDITIONALLY GRANTED. *See id.* 52.8(a). We direct the trial court to vacate its March 5, 2015 order directing that the current case be submitted to mediation and to issue a ruling on Brenntag's motion to compel arbitration. The writ will issue only if the trial court fails to comply.

GREGORY T. PERKES
JUSTICE

Delivered and filed the
28th day of April, 2015.

4