

# NUMBER 13-16-00699-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SERVICE CORPORATION INTERNATIONAL
AND SCI TEXAS FUNERAL SERVICES, INC.,
D/B/A BUENA VISTA BURIAL PARK AND
D/B/A FUNERARIA DEL ANGEL BUENA VISTA,                   Appellants,

v.

MARIA RUIZ,                                               Appellee.

On appeal from the 138th District Court
of Cameron County, Texas.

# ORDER

### Before Justices Rodriguez, Benavides, and Longoria
### Order Per Curiam

This cause is before the Court on consideration of appellee Maria Ruiz's Opposed

Motion to Revisit Appellant's Motion for Temporary Relief and Motion to Vacate Order

Staying Discovery. By her motion, Ruiz asks the Court to dissolve our stay of proceedings in the trial court, including our stay of discovery.

On January 25, 2018, this Court issued an opinion remanding the matter to the trial court for resolution of Ruiz's sole remaining defense to arbitration: unconscionability. On March 8, 2018, SCI filed a petition for discretionary review in the Texas Supreme Court seeking review of our ruling with respect to Ruiz's unconscionability defense.

When deciding a motion to compel arbitration under the Federal Arbitration Act, a Texas trial court applies Texas procedure, which gives the trial court authority to permit discovery that is reasonably necessary to resolve issues of arbitrability, such as defenses to arbitration. *In re Houston Pipe Line Co.*, 311 S.W.3d 449, 450–51 (Tex. 2009) (orig. proceeding); *see also In re State Farm Lloyds*, 520 S.W.3d 595, 604 (Tex. 2017) (orig. proceeding) ("The scope of discovery is generally within the trial court's discretion, but the court must make an effort to impose reasonable discovery limits." (Internal quotations omitted)). Motions to compel arbitration and any reasonably needed discovery should be resolved without delay; this is not an authorization to order discovery as to the merits of the underlying controversy. *Houston Pipe Line*, 311 S.W.3d at 451. Moreover, the trial court also has authority to enter orders to prevent the destruction of evidence. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.086(a)(3) (West, Westlaw through 2017 1st C.S.).

This Court, having fully examined and considered Ruiz's motion believes it should be granted with order.

2

Ruiz's motion is hereby GRANTED, and it is ORDERED that our stay of proceedings in the trial court is hereby dissolved.

PER CURIAM

Delivered and filed the
21st day of March, 2018.