**Petition for Writ of Mandamus Conditionally Granted, Stay Lifted, and Memorandum Opinion filed February 6, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00479-CV

---

## IN RE ENERGY TRANSFER LP, ENABLE MIDSTREAM PARTNERS, LP, AND ENABLE GP, LLC, Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**164th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2022-76540**

---

## MEMORANDUM OPINION

On July 12, 2023, relators Energy Transfer LP, Enable Midstream Partners, LP, and Enable GP, LLC filed a petition for writ of mandamus in this Court. *See*

Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relators ask this Court to compel the Honorable C. Elliott Thornton, presiding judge of the 164th District Court of Harris County, to vacate the trial court's June 29, 2023 order compelling relators to respond to "175 merits-related pre-arbitration documentary discovery requests by July 19, 2023." We conditionally grant the petition for writ of mandamus.

## I. BACKGROUND

Real party in interest John Adam Purland ("Purland") signed an arbitration agreement consenting to mandatory arbitration with relators of all claims arising from and/or related to his employment, specifically including all tort claims. In April 2022, Purland was injured while performing his job as a pipeline technician. In November 2022, Purland sued relators, asserting various tort claims.[1] In January 2023, relators moved to compel arbitration and stay proceedings in the trial court. Relators noticed the hearing for April 2023, which relators' assert was the earliest possible date.

After relators filed their motion, but before it could be heard by the trial court, plaintiffs served on relators 175 requests for production. Relators objected to the discovery requests and moved for protection from the pre-arbitration discovery. Plaintiffs opposed relators' motion for protection. Plaintiffs moved to compel the production of documents responsive to the discovery requests. Relators filed a response in opposition to plaintiffs' motion to compel. Plaintiffs

---

[1] In addition to Purland, Purland's wife and children also are named plaintiffs in the suit against relators (collectively, "plaintiffs" and/or real parties in interest or "RPIs").

filed a reply in support of the motion to compel production, and relators further opposed the motion in a sur-reply.

Relators contended that given the interconnection between the motions, all three motions (*i.e.*, relators' motion to compel arbitration, plaintiffs' motion to compel document production, and relators' motion for protection from pre-arbitration discovery) were set for hearing on April 11, 2023.[2] On March 23, 2023, the trial court advised the parties that the hearing would need to be reset due to a scheduling conflict. All three motions were reset for an oral hearing on June 6, 2023, and, thereafter, reset again pursuant to the trial court's request, for June 8, 2023.

Less than a week before the June hearing, plaintiffs filed their response to relators' motion to compel arbitration, arguing that it should be denied. Alternatively, plaintiffs requested that the trial court continue submission of the motion, compel relators to respond to plaintiffs' discovery requests, and hold a jury trial on whether Purland agreed to arbitrate his claims and whether relators have authority to enforce the purported agreement.

Relators moved to continue the hearing on plaintiffs' motion to compel. In relators' motion, relators argued that continuance was necessary to allow relators to reply to arguments raised by plaintiffs in their response to relators' motion to compel arbitration.[3] Relators further advised the trial court that they had continued

---

[2] Initially, plaintiffs noticed submission of their motion to compel document production for March 13, 2023. Thereafter, relators filed a notice of submission of their motion for protection from pre-arbitration discovery for March 13, 2023.

[3] On July 18, 2023, relators filed their reply in support of their motion to compel arbitration.

3

the hearing scheduled on relators' motion to compel arbitration to the next available date for an in-person hearing. According to relators, the trial court was unavailable to reset the hearing until September 19, 2023.

On June 8, 2023, the trial court proceeded to hear plaintiffs' motion to compel discovery and relators' motion for protection. Following the hearing, on June 16, 2023, plaintiffs filed an emergency motion for hearing on relators' motion to compel arbitration. The trial court did not act on the motion.

On June 29, 2023, the trial court denied relators' motion for protection from pre-arbitration discovery. On the same date, the trial court granted plaintiffs' motion to compel, ordering relators to provide the production within twenty days (*i.e.*, July 19, 2023).

Thereafter, on July 12, 2023, relators filed this original proceeding along with a motion for temporary relief. Relators seek to vacate the trial court's June 29, 2023 order compelling relators to respond to plaintiffs' pre-arbitration documentary discovery requests.[4] On July 13, 2023, we granted relators' motion for temporary relief and stayed the trial court's order compelling relators' responses to plaintiffs' requests for production.

## I.    ANALYSIS

---

[4] In their petition, relators assert that the trial court has yet to consider "the substance" of relators' motion to compel arbitration. Relators further note that the trial court's lengthy delay in hearing relators' motion to compel arbitration "could form an independent basis for this Court granting mandamus relief." In their reply, relators note that "[a]t the outset, [relators have] not asked this Court to rule on the merits of its motion to compel Purland to arbitration. Rather, [they] only ask the Court to vacate the trial court's order compelling responses to overbroad merits-related pre-arbitration requests for production."

## A. STANDARD OF REVIEW

Ordinarily, to be entitled to mandamus relief, relator must establish that (1) the trial court abused its discretion; and (2) no adequate remedy by appeal exists. *See In re Christianson Air Conditioning & Plumbing, LLC*, 639 S.W.3d 671, 681 (Tex. 2022) (orig. proceeding). The Texas Supreme Court has held that "mandamus relief is appropriate when a trial court erroneously orders pre-arbitration discovery." *In re Copart, Inc.*, 619 S.W.3d 710, 713 (Tex. 2021) (orig. proceeding) (per curiam) (citing *In re Houston Pipe Line Co.*, 311 S.W.3d 449, 452 (Tex. 2009) (orig. proceeding) (per curiam)). Thus, "our focus is on whether the trial court clearly abused its discretion—that is, whether the court 'act[ed] without reference to guiding rules or principles or in an arbitrary or unreasonable manner.'" *Copart, Inc.*, 619 S.W.3d at 713 (quoting *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018)).

## B. PRE-ARBITRATION DISCOVERY

Relators assert that the trial court abused its discretion by compelling relators' responses to merits-based pre-arbitration requests for production. Relators argues that trial court's order compelling unlimited merits discovery is contrary to well-settled law. Relators maintain that the trial court had before it all the facts necessary to hear and rule on relators' arbitration motion. Moreover, relators argue that even if the real parties in interest were not barred from obtaining pre-arbitration merits discovery, the trial court's order failed to address any of relators' individual objections to the 175 merits-based discovery requests.

RPIs filed a response in opposition to relators' petition for writ of mandamus, conceding that the trial court ordered merits-based pre-arbitration discovery. RPIs argue that the trial court properly exercised "equitable principles of waiver and its broad discretion over discovery" in compelling relators to produce pre-arbitration discovery. RPIs maintain that relators unilaterally postponed the resolution of their motion to compel arbitration for an additional three-and-a-half months.

Thereafter, relators filed a reply in support of their request for mandamus relief, arguing that RPIs' response ignores the black-letter law barring the requested discovery on the merits. Additionally, relators contend that RPIs cite no support for their position that relators waived their objections to purported arbitrability by seeking a continuance on the hearing on arbitration to allow relators to reply to new arguments and evidence presented by RPIs. Relators assert that "[n]o Texas court has ever found waiver in this context, especially not on the facts here."

We have expressly rejected the type of waiver argument raised by RPIs here. *See Alpine Ocean Seismic Surv., Inc. v. Moore*, No. 14-19-00499-CV, 2021 WL 2325097, at *1 (Tex. App.—Houston [14th Dist.] June 8, 2021, no pet.) (finding trial court abused its discretion in finding waiver where party voluntarily passed hearing and waited months to reset special appearance for hearing). It is well settled that the courts have "'no business weighing the merits of the grievance, considering whether there is equity in a particular claim, or determining whether there is particular language in the written instrument which will support the claim.

6

The agreement is to submit all grievances to arbitration, not merely those which the court will deem meritorious.'" *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) (quoting *United Steelworkers v. Am. Mfg. Co.*, 363 U.S. 564, 568 (1960)). "If the movant has proven there is an arbitration agreement, as a matter of law, the court must compel arbitration, and a presumption arises that all disputed issues between the parties must be arbitrated.*"* *In re Jebbia*, 26 S.W.3d 753, 757 (Tex. App.—Houston [14th Dist.] 2000, orig. proceeding). "[T]he trial court has no discretion but to compel arbitration and stay its own proceedings." *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753–54 (Tex. 2001) (orig. proceeding).

Thus, once relators moved to compel arbitration in January 2023, the trial court should have limited the scope of discovery while the motion to compel arbitration was pending. Here, however, the trial court's order does not address arbitrability discovery. Rather, the trial court ordered broad, merit-based discovery, which negates the benefits of arbitration.[5] *See, e.g., In re Bill Heard Chevrolet, Ltd.*, No. 14-05-00744-CV, 2005 WL 2787468, at *1 (Tex. App.— Houston [14th Dist.] Oct. 27, 2005, orig. proceeding) (mem. op.) (per curiam) ("[W]e find the trial court abused its discretion in ordering the Rule 202 deposition prior to ruling on the motion to compel arbitration."). "The trial court has no

---

[5] Additionally, neither RPIs nor the trial court addressed any of relators' individual objections to RPIs' merits discovery. The trial court's order provides no limitations on the scope of the discovery demanded. The trial court was required to "make an effort to impose reasonable discovery limits." *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding).

discretion to delay the decision on the merits of arbitrability until after discovery." *Id.* Accordingly, we conclude that the trial court abused its discretion.

## II. CONCLUSION

Relators have established that they are entitled to mandamus relief. Accordingly, we conditionally grant relators' petition for writ of mandamus and direct the trial court to vacate its June 29, 2023 order compelling relators to respond to merits-related pre-arbitration documentary discovery requests. We are confident the trial court will act in accordance with this opinion and the writ will issue only if the trial court fails to comply. We also lift our stay order of July 13, 2023.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Zimmerer and Poissant.

8