**Petition for Writ of Mandamus Conditionally Granted, Stay Lifted, and Memorandum Opinion filed April 9, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00872-CV

---

## IN RE ENERGY TRANSFER LP, ENABLE MIDSTREAM PARTNERS, LP, AND ENABLE GP, LLC, Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**80th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2023-05548**

---

### MEMORANDUM OPINION

On November 20, 2023, relators Energy Transfer LP, Enable Midstream Partners, LP, and Enable GP, LLC filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relators ask this Court to compel the Honorable Jeralynn Manor, presiding judge of the 80th District Court of Harris County, to vacate the trial court's November 6, 2023 order compelling relators to respond to "narrowed requests served September 1, 2023." We conditionally grant the petition for writ of

mandamus.

## I.  BACKGROUND

Real party in interest Clay Moock ("Moock"), signed an arbitration agreement consenting to mandatory arbitration with relators of all claims arising and/or related to his employment, specifically including all tort claims. In April 2022, Moock was injured while performing his job as an environmental specialist. In January 2023, Moock and family members sued relators, asserting various tort claims.[1] In March 2023, relators moved to compel arbitration and stay proceedings in the trial court. Relators noticed the hearing for April 2023, but it was continued by the trial court to May 2023.

While relators waited for the arbitration motion to be decided, plaintiffs filed multiple rounds of pre-arbitration discovery, and relators objected to each round of discovery. The final round of discovery that was filed by plaintiffs was discussed during a hearing in August 2023. During that hearing, the trial court indicated that the requests were overbroad and directed the parties to confer over the requests. In response to the hearing, plaintiffs served a new set of discovery requests on September 1, 2023. Plaintiffs also served notice of pre-arbitration deposition of an environmental senior manager at Energy Transfer. Relators served their objections and motions for protection from the September 1, 2023 discovery requests.

On November 6, the trial court denied relator's motion to stay and compel arbitration. At the same time, the trial court granted plaintiffs' motion to compel the September 1, 2023, pre-arbitration discovery requests and the pre-arbitration deposition. The order required relators to withdraw their objections and provide complete responses and productions to the requests within twenty days from the

---

[1] In addition to Moock, Moock's wife and children also are named as plaintiffs in the suit against relators (collectively, "plaintiffs" and/or real parties in interest or "RPIs").

date of the order.

On November 20, 2023, relators filed this original proceeding along with a motion for temporary relief. Relators seek to vacate the trial court's November 6, 2023 order compelling relators to respond to plaintiff's pre-arbitration discovery requests. On November 22, 2023, we granted relators' motion for temporary relief and stayed the trial court's order compelling relators' responses to plaintiffs' requests for production.

## II. ANALYSIS

### A.    STANDARD OF REVIEW

Ordinarily, to be entitled to mandamus relief, relator must establish that (1) the trial court abused its discretion; and (2) no adequate remedy by appeal exists. *See In re Christianson Air Conditioning & Plumbing, LLC*, 639 S.W.3d 671, 681 (Tex. 2022) (orig. proceeding). The Texas Supreme Court has held that "mandamus relief is appropriate when a trial court erroneously orders pre-arbitration discovery." *In re Copart, Inc.*, 619 S.W.3d 710, 713 (Tex. 2021) (orig. proceeding) (per curiam) (citing *In re Houston Pipe Line Co.*, 311 S.W.3d 449, 452 (Tex. 2009) (orig. proceeding) (per curiam)). Thus, "our focus is on whether the trial court clearly abused its discretion—that is, whether the court 'act[ed] without reference to guiding rules or principles or in an arbitrary or unreasonable manner.'" *Copart, Inc.*, 619S.W.3d at 713 (quoting *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018)).

### B.    PRE-ARBITRAITON DISCOVERY

Relators assert that the trial court abused its discretion by compelling relators' responses to merits-based pre-arbitration requests for production. Relators argues that trial court's order compelling this discovery is contrary to

well-settled law. Moreover, relators argue that even if RPIs were not barred from obtaining pre-arbitration merits discovery, the trial court's order failed to address any of relators' individual objections to RPIs' merits-based discovery requests.

RPIs filed a response in opposition to relators' petition for writ of mandamus, stating that the trial court's November 6 order officially moved the litigation out of the pre-arbitration phase. RPIs concede that the trial court planned to allow pre-arbitration discovery after the August 14 hearing, but the parties were directed to confer. RPIs claim that the parties conferred but were unable to agree on pre-arbitration discovery requests which led to the September 1 discovery requests. RPIs argue that the trial court has broad discretion over discovery in compelling relators to produce pre-arbitration discovery. Relators filed a reply in support of their request for mandamus relief, arguing that RPIs' response ignores the law barring requested discovery on the merits.

Once relators moved to compel arbitration in March 2023, the trial court should have limited the scope of discovery while the motion to compel arbitration was pending. Here, however, the trial court's order does not address arbitrability discovery. Rather, the trial court ordered broad, merit-based discovery, which negates the benefits of arbitration.[2] *See, e.g., In re Bill Heard Chevrolet, Ltd.*, No. 14-05-00744-CV, 2005 WL 2787468, at *1 (Tex. App.—Houston [14th Dist.] Oct. 27, 2005, orig. proceeding) (mem. op.) (per curiam) ("[W]e find the trial court abused its discretion in ordering the Rule 202 deposition prior to ruling on the motion to compel arbitration."). "The trial court has no discretion to delay the decision on the merits of arbitrability until after discovery." *Id.* Accordingly, we conclude that the trial court abused its discretion.

---

[2] Additionally, neither RPIs nor the trial court addressed any of relators' individual objections to RPIs' merits discovery. The trial court's order provides no limitations on the scope of the discovery demanded. The trial court was required to "make an effort to impose reasonable discovery limits." *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding).

### III. CONCLUSION

Relators have established that they are entitled to mandamus relief. Accordingly, we conditionally grant relators' petition for writ of mandamus and direct the trial court to vacate its November 6, 2023 order compelling relators to respond to the September 1 merits-related pre-arbitration discovery requests. We are confident the trial court will act in accordance with this opinion and the writ will issue only if the trial court fails to comply. We also lift our stay order of November 22, 2023.

PER CURIAM

Panel Consists of Justices Hassan, Poissant, and Wilson.