**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed October 29, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-24-00373-CV

---

## IN RE ENERGY TRANSFER LP, ENABLE MIDSTREAM PARTNERS, LP, AND ENABLE GP, LLC, Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**164th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2022-76540**

---

## MEMORANDUM OPINION

On Friday, May 24, 2024, relators Energy Transfer LP, Enable Midstream Partners, LP, and Enable GP, LLC filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relators ask this court to compel the Honorable C. Elliott Thornton,

presiding judge of the 164th District Court of Harris County, to vacate the trial court's April 28, 2024 order denying relators' motion for protection from pre-arbitration discovery and compelling relators to comply with real parties' in interest first set of interrogatories, requests for production and requests for admission and second set of interrogatories and requests for production. We conditionally grant the petition for writ of mandamus.

## Background

John Adam Purland, a real party in interest, signed an arbitration agreement consenting to mandatory arbitration for all "tort claims" arising out of or relating to his employment with relators in December 2021.[1] He suffered injuries while working as a pipeline technician in April 2022. Purland filed the underlying suit against relators in November 2022, alleging negligence, negligence per se, and gross negligence, among other tort claims. In connection with the suit, relators filed a motion to compel arbitration and stay proceedings in the trial court in January 2023. The following month, relators filed a motion for protection from pre-arbitration discovery. Relators filed this motion after Purland served two sets discovery requests on relators: the first included 175 requests for production, sixteen interrogatories, and twenty-six requests for admission. The second set of discovery requests included six interrogatories and twenty-eight requests for production.

Purland next filed two documents with the court: the first was a motion to compel document production, along with a proposed order compelling relators to

---

[1] Purland died in February 2024, but his attorneys state his estate will be substituted in the lawsuit.

provide document production. The second was a "Supplement in Support of [real parties' in interest] Motion to Compel Discovery," along with a revised proposed order compelling relators to provide the first set and second set of discovery requests to real parties in interest.

On June 29, 2023, the trial court signed an order granting the motion to compel, requiring relators to provide their document production within 20 days. Relators in July 2023 filed a petition for writ of mandamus seeking this court to vacate the trial court's June 29, 2023 order compelling relators to respond to "175 merits-related pre-arbitration documentary discovery requests by July 19, 2023." *See In re Energy Transfer LP*, No. 14-23-00479-CV, 2024 WL 437888, at *1 (Tex. App.—Houston [14th Dist.] Feb. 6, 2024, orig. proceeding). This court, on February 6, 2024, conditionally granted the petition for writ of mandamus and directed "the trial court to vacate its June 29, 2023 order compelling relators to respond to merits-related pre-arbitration documentary discovery requests." *Id.* at *4.

However, on April 28, 2024, the trial court signed a new order denying relators' motion for protection from pre-arbitration discovery. It further required relators to comply with real parties' in interest first and second set of discovery requests within 30 days. This mandamus petition followed. Relators allege the trial court abused its discretion when it signed the April 28, 2024 order compelling relators to comply with the two sets of discovery requests. Relators allege in their petition that the trial court has not yet ruled on their motion to compel arbitration and stay proceedings.

**Standard of Review**

Ordinarily, to be entitled to mandamus relief, relator must establish that (1) the trial court abused its discretion; and (2) no adequate remedy by appeal exists. *Id.* at *2*; see In re Christianson Air Conditioning & Plumbing, LLC*, 639 S.W.3d 671, 681 (Tex. 2022) (orig. proceeding). The Texas Supreme Court has held that "mandamus relief is appropriate when a trial court erroneously orders pre-arbitration discovery." *In re Energy Transfer LP,* 2024 WL 437888, at *2; *see In re Copart, Inc.*, 619 S.W.3d 710, 713 (Tex. 2021) (orig. proceeding) (per curiam) (citing *In re Houston Pipe Line Co.*, 311 S.W.3d 449, 452 (Tex. 2009) (orig. proceeding) (per curiam)). Thus, "our focus is on whether the trial court clearly abused its discretion—that is, whether the court 'act[ed] without reference to guiding rules or principles or in an arbitrary or unreasonable manner.'" *In re Energy Transfer LP,* 2024 WL 437888, at *2.

## Pre-Arbitration Discovery

Pre-arbitration discovery is expressly authorized under the Texas Arbitration Act when a trial court cannot fairly and properly make its decision on the motion to compel because it lacks sufficient information regarding the scope of an arbitration provision or other issues of arbitrability. *In re Houston Pipe Line Co.*, 311 S.W.3d at 451; *see* Tex. Civ. Prac. & Rem. Code Ann. §§ 171.023(b), 171.086(a)(4),(6). This, however, is an authorization to order discovery as to the merits of the underlying controversy. *Id*.

A trial court abuses its discretion in ordering pre-arbitration discovery when the requesting party presents no colorable basis or reason to believe that the discovery would be material in resolving any disputed issues of arbitrability. *In re Copart, Inc.*, 619 S.W.3d at 714; *see In re Houston Pipe Line*, 311 S.W.3d at 452;

*In re VNA, Inc.*, 403 S.W.3d 483, 486-87 (Tex. App.—El Paso 2013, orig. proceeding).

In its response, the real party in interest does not provide a "colorable basis or reason to believe" the discovery at issue would be "material in resolving any disputed issues of arbitrability." *See id*. The first set of discovery requests the order compels focuses on the merits, not arbitrability. The second set of discovery requests is not material in "resolving any disputed issues of arbitrability."[2] *See In re Copart, Inc.*, 619 S.W.3d at 714. Consequently, the trial court abused its discretion when it signed the order compelling relators to provide the first and second set of discovery requests.

Moreover, "[i]f the movant has proven there is an arbitration agreement, as a matter of law, the court must compel arbitration, and a presumption arises that all disputed issues between the parties must be arbitrated." *In re Energy Transfer LP,* 2024 WL 437888, at *3. "[T]he trial court has no discretion but to compel arbitration and stay its own proceedings." *Id.* Thus, once relators moved to compel arbitration in January 2023, the trial court should have limited the scope of discovery while the motion to compel arbitration was pending. *See id.*

Accordingly, we conclude that the trial court abused its discretion when it signed its April 28, 2024 order compelling relators to provide the first and second set of discovery requests.

## Mootness and Ripeness

---

[2] Real parties in interest stated in a reply in support of their motion to compel pre-arbitration discovery that they "no longer pursue discovery on the topic of authenticity" of the arbitration agreement. Further they stated "they withdrew their authenticity-related requests" from their second set of discovery requests.

5

Real parties in interest, argue this petition for writ of mandamus is unripe, or, alternatively, moot because they do not seek to enforce the order until the trial court rules on relators' motion to compel arbitration. We disagree on both points.

***Unripe*** If the plaintiff's claimed injury is based on "hypothetical facts, or upon events that have not yet come to pass," then the case is not ripe, and the court lacks subject matter jurisdiction." *Sw. Elec. Power Co. v. Lynch*, 595 S.W.3d 678, 683 (Tex. 2020). However, here, nothing is hypothetical or intangible about the trial court's April 28, 2024 order compelling discovery. The order is not unripe.

***Moot*** A case or part of a case (like the discovery dispute here) will become moot if "a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal." *In re Contract Freighters, Inc.*, 646 S.W.3d 810, 813 (Tex. 2022) (orig. proceeding). The order is not moot because a controversy exists over relators' motion to compel arbitration.

## Conclusion

We conditionally grant the writ of mandamus and order the trial court to vacate its April 28, 2024 order compelling relators to comply with the two sets of discovery requests. We lift this court's May 24, 2024 stay of the order.


PER CURIAM

Panel consists of Chief Justice Christopher, Justices Zimmerer and Poissant.