**Petition Conditionally Granted and Opinion Filed November 12, 2024**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-24-01161-CV

IN RE MEGATEL HOMES, LLC, Relator

Original Proceeding from the County Court at Law No. 1
Dallas County, Texas
Trial Court Cause No. CC-21-01276-A

# MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Miskel
Opinion by Justice Miskel

Relator Megatel Homes, LLC (Megatel) seeks a writ of mandamus ordering the presiding judge of County Court of Law No. 1, to promptly set a hearing and rule on its June 30, 2022, motion to compel arbitration. Megatel argues that the trial judge abused her discretion by failing to perform a nondiscretionary ministerial duty to hear and rule on this motion to compel arbitration and by setting the case for a jury trial on October 7, 2024.

This Court requested a response to Megatel's petition for writ of mandamus. No response was filed.

We conditionally grant Megatel's petition for writ of mandamus.

## I.    Background

On June 10, 2019, real parties in interest Alexandra and Charles Martin signed a residential construction contract with Megatel for the construction and sale of a home in McKinney, Texas.  The contract contains provisions for mediation and arbitration of disputes relating to the contract.  After a dispute arose, the Martins filed a lawsuit in Dallas County in April 2021, alleging violations of the Deceptive Trade Practices Act and fraud claims against Megatel.

On June 30, 2022, Megatel filed a motion to compel arbitration and to abate the lawsuit.  The trial court set the first hearing for November 2, 2022.  At the hearing, the plaintiffs sought leave for their late-filed response and the trial judge continued the hearing over Megatel's objection.  Megatel obtained a resetting for a second hearing on February 1, 2023.  Due to inclement weather, the trial court reset this hearing for a third time on April 5, 2023.

At this April hearing, the trial judge heard arguments on Megatel's motion to compel arbitration but did not rule on the motion, stating that the parties should first conduct limited discovery due to disagreement regarding the formation of the contract.  Megatel obtained a fourth hearing date on July 26, 2023.

At the July hearing, the Martins' counsel stated that the limited discovery had not been completed due to the failure of Megatel's counsel to respond to the Martins' requests to schedule a deposition.  The trial judge again stated that this limited discovery needed to be completed and set the deadline for compliance on August 25.

On September 6, Megatel obtained a fifth hearing date for December 6, 2023, and filed its notice of the hearing date in the trial court. The limited discovery was completed on September 13. The day before the December 6 hearing, the parties received an email from the trial court stating that the hearing was not scheduled on the trial judge's docket, that the trial judge was in a jury trial, and that the parties would need to contact the court clerk to reset the hearing.

After the Martins' counsel failed to respond to the initial hearing date options obtained by Megatel's counsel, Megatel continued to contact the trial court in March, April, and May 2024 to set a hearing on its motion to compel arbitration but received no setting from the trial court. On June 7, the trial court set the case for an October 7, jury trial. Megatel continued its attempts to schedule a hearing on its motion to compel arbitration in June, July, and August 2024, with no success. Court staff informed Megatel that the trial court had no availability prior to the October 7, 2024, trial setting but that it should continue to call back to see if a hearing date might become available.

At this point, on August 6 and again on August 12, the parties filed an agreed motion for continuance of the October 7 jury trial date to allow the trial court to hear Megatel's still-pending motion to compel arbitration and plea in abatement. The trial judge did not rule on the agreed motion for continuance. On September 12, Megatel's counsel again contacted the trial court's staff to request that the trial judge hear the pending motion to compel arbitration and the agreed motion for

–3–

continuance. The trial court's staff informed Megatel's counsel that the trial court did not have availability to hear the motion to compel prior to the trial date and that the trial judge had not reviewed the agreed motion for continuance. Having received no rulings from the trial court on either motion, on October 2, Megatel filed this petition for writ of mandamus in this Court as well as an unopposed emergency motion for temporary relief to stay the jury trial pending review of the petition. The next day, this Court granted the motion for emergency relief and stayed the trial setting. We now consider the petition seeking a writ of mandamus.

## II. Standard of Review

Mandamus is an extraordinary remedy granted only when the relator shows that the trial court abused its discretion and that no adequate appellate remedy exists. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding). An abuse of discretion occurs when a trial judge's ruling is arbitrary and unreasonable, made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). Similarly, a trial judge abuses his or her discretion when he or she fails to analyze or apply the law correctly. *Id.* An appellate court may not deal with disputed areas of fact in an original mandamus proceeding. *In re Angelini*, 186 S.W.3d 558, 560 (Tex. 2006) (orig. proceeding).

The second requirement for mandamus relief requires that the petitioner has no adequate remedy by appeal; however, the term "'adequate'[] has no

–4–

comprehensive definition." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). Determining whether a party has an adequate remedy by appeal requires a "careful balance of jurisprudential considerations" and "depends heavily on the circumstances presented." *See id.* at 136–37. Mandamus review "in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss . . . and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *Id.* at 136.

## III.    Applicable Law

Consideration of a motion that is properly filed and before the court is a ministerial act. *In re Z Resorts Management, LLC*, No. 05-23-00425-CV, 2023 WL 5843583, at *4 (Tex. App.—Dallas Sept. 11, 2023, orig. proceeding) (mem. op.). A trial judge is afforded a reasonable time to perform the ministerial duty of considering and ruling on a motion properly filed and before the judge. *Id.* To obtain mandamus relief for a trial judge's refusal to rule on a motion, the relator must establish the motion was properly filed and has been pending for a reasonable time; the relator requested a ruling on the motion; and the trial judge failed or refused to rule within a reasonable time. *In re Roughneen*, No. 05-24-00191-CV, 2024 WL 2103973, at *2 (Tex. App.—Dallas May 10, 2024, orig. proceeding) (mem. op.).

Whether a reasonable period of time for a judge to rule on a pending motion has elapsed depends on the circumstances. *In re Torres*, No. 05-22-00715-CV, 2022 WL 17485033, at \*3 (Tex. App.—Dallas Dec. 7, 2022, orig. proceeding) (mem. op.).

Courts examine a "myriad" of criteria, including the trial court's actual knowledge of the motion, its overt refusal to act, the state of the court's docket, and the existence of other judicial and administrative matters that must be addressed first. *Id.*

Texas trial courts are obligated to consider and resolve motions to compel arbitration "without delay." *See In re Houston Pipe Line Co.*, 311 S.W.3d 449, 451 (Tex. 2009) (orig. proceeding) (per curiam). Proceedings to compel arbitration are to be conducted as summary proceedings to protect the advantages of arbitration because "the main benefits of arbitration lie in expedited and less expensive disposition of a dispute, and the legislature has mandated that a motion to compel arbitration be decided summarily." *Caprocq Core Real Est. Fund, LP*, No. 05-22-01021-CV, 2024 WL 4579064, at \*5 (Tex. App.—Dallas Oct. 25, 2024, no pet. h.) (mem. op.) (quoting *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 269 (Tex. 1992) (orig. proceeding)); *see also* TEX. CIV. PRAC & REM. CODE ANN. § 171.021(b). Accordingly, the trial court may summarily decide whether to compel arbitration on the basis of affidavits, pleadings, discovery, and stipulations. *Jack B. Anglin*, 842 S.W.2d at 269. However, if the material facts necessary to determine the issue are controverted by an opposing affidavit or otherwise admissible evidence, the trial

court must conduct an evidentiary hearing to determine the disputed material facts. *Id.*; *see also* CIV. PRAC. §§ 171.021(b), .023(b).

The Texas Arbitration Act requires that a trial court "shall stay a proceeding that involves an issue subject to arbitration if an order for arbitration *or an application for that order* is made under this subchapter." TEX. CIV. PRAC. & REM. CODE ANN. § 171.025(a) (emphasis added). By not staying proceedings pending its ruling on a motion to compel arbitration, a court clearly abuses its discretion. *In re Pediatrix Med. Servcs., Inc.*, No. 05-05-00986-CV, 2005 WL 1776039, at *1 (Tex. App.—Dallas July 28, 2005, orig. proceeding) (mem. op.).

## IV. The Trial Judge Abused Her Discretion by Failing to Timely Hear and Rule on the Motion to Compel Arbitration

Megatel filed its motion to compel arbitration on June 30, 2022, and the motion was initially set for hearing two years ago on November 2, 2022. For various reasons and despite three hearings, two additional settings, and multiple requests, the trial judge failed to rule on the motion to compel arbitration and instead set a jury trial date.

The trial court was entitled to permit limited discovery if reasonably needed to determine its ruling on the motion to compel arbitration.[1] *See In re Houston Pipeline*, 311 S.W.3d at 451. However, the parties completed this preliminary discovery via a deposition upon written questions in September 2023, Megatel

---

[1] We express no views on whether such discovery was reasonably necessary in this case.

–7–

obtained a hearing date for December 6, 2023, and Megatel filed a notice of the hearing in the trial court. The trial court then reset this hearing after an apparent scheduling mistake. The record includes a sworn declaration from one of Megatel counsel's legal assistants attesting that, in spite of numerous attempts by email and telephone to reset the hearing on the motion to compel arbitration during the spring and summer of 2024, the trial court either did not respond or maintained that no settings were available prior to the October 7 trial date. The trial court staff instructed Megatel to continue to call to see if any hearing date might become available.

As discussed above, mandamus may issue to compel a trial judge to rule on a motion that has been pending before the trial court for a reasonable period of time. *In re Torres*, 2022 WL 17485033, at *3. Applying this standard to the facts presented here, the Court concludes that a "reasonable time" has passed since the completion of the limited discovery and Megatel's renewed attempts to reset the December 2023 hearing date for the trial judge to perform the ministerial duty of setting a hearing and ruling on Megatel's motion to compel arbitration. *See In re Z Resorts Management*, 2023 WL 5843583, at *4. The trial judge was well aware of the motion, which was discussed at earlier hearings and was the subject of two agreed motions to continue the jury trial that were expressly filed to allow the trial court to hear the pending motion.

–8–

The record indicates no further judicial and administrative matters that needed to be addressed in order for the trial judge to consider the motion and issue a ruling. While trial judges have broad discretion to manage their dockets and conduct business in their courtrooms, this discretion is not unlimited. *In re Roughneen*, 2024 WL 2103973, at *3. Trial courts also have a duty to tend to and schedule cases so as to expeditiously dispose of them. *Id.* (citing *King Fisher Marine Serv., L.P. v. Tamez*, 443 S.W.3d 838, 843 (Tex. 2014)). In particular, trial judges must rule expeditiously on motions to compel arbitration. *See In re Houston Pipeline Co.*, 311 S.W.3d at 451.

The trial court's docket indicates that the motion for continuance of the trial is "queued" for the October 7 trial date. We presume that, prior to this Court's stay of the jury trial, the trial judge intended to rule on the pending motion to compel arbitration and agreed motion for continuance on the trial date. However, this schedule eviscerates much of the time and resource-saving benefits of arbitration, effectively requiring both parties to prepare for a trial that may or may not take place on the same date. In addition, scheduling a jury trial is inconsistent with the statutory requirement that a trial court stay a proceeding if a motion to compel arbitration has been made under the TAA. *See* CIV. PRAC. § 171.025(a).

Megatel has established that its motion was properly filed and has been pending for a reasonable time, that it requested a ruling on the motion, and that the trial judge failed or refused to rule within a reasonable time. *See In re Roughneen*,

2024 WL 2103973, at *2. A relator lacks an adequate remedy by appeal from a trial judge's refusal to rule on a pending motion. *Id.* at *3; *In re Z Resorts Mgmt.*, 2023 WL 5843583, at *7.

Accordingly, we conclude that the trial judge has abused her discretion by failing to perform her ministerial duty to rule on Megatel's motion to compel arbitration despite Megatel's numerous attempts to set a hearing and request a ruling. *See In re OxyVinyls, LP*, No. 01-23-00708-CV, 2023 WL 8938412 (Tex. App.—Houston [1st Dist.] Dec. 28, 2023, orig. proceeding) (mem. op.) (concluding that trial court abused its discretion by failing to rule on motion to compel arbitration five months after motion was set on submission docket and after multiple requests to do so); *Kelly v. Hinson*, 387 S.W.3d 906, 911 (Tex. App.—Fort Worth 2012, pet. denied) (holding that trial judge had ministerial duty to set hearing and rule on motion to compel arbitration that had been pending eleven months).

We conclude that Megatel has met its burden to show that the trial judge abused her discretion in failing to rule on Megatel's pending motion to compel arbitration.[2]

## V.    Conclusion

We conditionally grant the petition for writ of mandamus.

---

[2] We express no view on the merits of the pending motion. "Mandamus will not lie to compel the trial court to rule a certain way on an issue involving judicial discretion." *In re Medinet Investments, LLC*, No. 05–17–00070–CV, 2017 WL 462370, at *1 (Tex. App.—Dallas Jan. 31, 2017, orig. proceeding) (mem. op.) (quoting *In re Duncan*, No. 05-15-00767, 2015 WL 3947050, at *2 (Tex. App.—Dallas June 29, 2015, orig. proceeding) (mem. op.)).

We order the trial judge to set and hold a hearing on Megatel's motion to compel arbitration no later than thirty days after the date of this Court's opinion and order.

We also order the trial judge to rule on Megatel's motion to compel arbitration no later than fifteen days after hearing the motion.

The writ of mandamus will issue only if the trial judge fails to comply with this Court's opinion and order.

241161f.p05

/Emily Miskel/
EMILY A. MISKEL
JUSTICE